SO ORDERED.

SIGNED this 21 day of December, 2017.



_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| BRIAN LEE STOCKWELL | 17-04342-5-JNC |
| | CHAPTER 7 |
| DEBTOR | |
| IN RE: | CASE NO. |
| BRIAN LEE STOCKWELL | 17-05760-5-JNC |
| | CHAPTER 7 |
| DEBTOR | |

**CONSOLIDATED ORDER DISMISSING CASES AND
ENJOINING DEBTOR FROM REFILING FOR ONE YEAR**

Pending before the court is the Motion to Dismiss Chapter 7 Proceeding with Prejudice filed pursuant to 11 U.S.C. §§ 105(a), 707(a), and 707(b)(3) (the "Motion") by the Bankruptcy Administrator (the "BA") in Case No. 17-04342-5-JNC (the "Third Case") on October 30, 2017 (Third Case D.E. 28), and a substantively similar motion with an identical caption filed by the BA in Case No. 17-05760-5-JNC (the "Fourth Case") on December 14, 2017 (Fourth Case D.E. 20) (collectively, the "Motions"). Also pending before the court is the Order to Show Cause for failure to file a certificate of credit counseling issued in the Fourth Case on November 29, 2017 (Fourth Case D.E. 12; the "Show Cause Order"). A hearing was held on the Motions and the Show Cause

Order in Raleigh, North Carolina on December 19, 2017. Counsel for the BA attended the hearing. Mr. Brian Lee Stockwell ("Mr. Stockwell" or the "Debtor") did not appear.

Based on the uncontroverted evidence presented by the BA at the hearing on the Motions, the court makes the following findings of fact and conclusions of law.

## BACKGROUND

Mr. Stockwell filed his first relevant voluntary petition for relief under chapter 13 of the Bankruptcy Code in this district on March 7, 2017, which was assigned Case No. 17-01108-5-JNC (the "First Case"). He failed to file the required schedules and statements, a chapter 13 plan, or a certificate of credit counseling with the petition as required by 11 U.S.C. §§ 109(h), 521(a)(1)(B), 521(b), and 1321. Further, the only creditor Mr. Stockwell listed on the First Case petition was Ocwen Loan Servicing, LLC ("Ocwen"), reportedly the servicer for the first lien mortgage encumbering his primary residence located at 3608 Coventry Court, Greenville, North Carolina 27858 (the "Residence") (First Case D.E. 1 at 9–10). Mr. Stockwell was notified to correct the filing deficiencies, and a show cause order was entered (First Case D.E. 13) directing that he appear before the court on April 5, 2017 to show cause for the failure to file a certificate of credit counseling. When Mr. Stockwell did not appear at the hearing, the First Case was dismissed (First Case D.E. 17).

On May 30, 2017, Mr. Stockwell filed a second voluntary petition for relief, this time under chapter 7 of the Bankruptcy Code, which was assigned Case No. 17-02608-5-JNC (the "Second Case"). Again, he failed to file multiple documents required under the Bankruptcy Code, including schedules of his assets and liabilities, a statement of financial affairs, details of his current income and liabilities, and the certificate of credit counseling. The court entered an order instructing Mr. Stockwell to appear and show cause for failure to file a certificate of credit counseling (Second

2

Case D.E. 18). The matter was set for July 11, 2017. Once again, only Ocwen was listed as a creditor by Mr. Stockwell (Second Case D.E. 1 at 9–10). Mr. Stockwell failed to appear at the July 11 hearing, and the Second Case was dismissed that same day (Second Case D.E. 22). Meanwhile, Ocwen had filed a Motion for Relief from the Automatic Stay of Section 362 or in the Alternative Adequate Protection on June 23, 2017 (Second Case D.E. 20) seeking permission to proceed with a foreclosure action on its deed of trust against the Residence. Because the Second Case was dismissed before the Ocwen motion could be heard, that matter became moot.

Undeterred by the two prior dismissals, Mr. Stockwell filed the Third Case on September 5, 2017, again under chapter 7 of the Bankruptcy Code. As with the first two cases, he failed to file completed schedules, statements and certificates including the credit counseling completion certificate mandated by the Bankruptcy Code. Again, the only creditor listed on the petition was Ocwen (Third Case D.E. 1 at 9–10). Ocwen promptly sought relief from the stay in the Third Case by motion filed on September 15, 2017 (Third Case D.E. 13), alleging that as of the date of filing Mr. Stockwell was delinquent twenty-one (21) monthly payments on his mortgage, resulting in an arrearage exceeding thirty-five thousand dollars ($35,000.00). Mr. Stockwell did not oppose the motion and it was allowed in due course and Ocwen was granted relief from the stay by an order entered October 4, 2017 (Third Case D.E. 14).

The meeting of creditors required by § 341 of the Bankruptcy Code was scheduled in the Third Case for October 5, 2017 at 9:30 am in Greenville, North Carolina (Third Case D.E. 9). Mr. Stockwell failed to attend this meeting even though his attendance was required by 11 U.S.C. § 341(a). A show cause order was entered (Third Case D.E. 17) directing Mr. Stockwell to appear on November 1, 2017, and explain his failure to attend the meeting of creditors. In addition, the BA advised the court that the Third Case was presumed to be an abuse and the Clerk issued a

Statement of Presumed Abuse pursuant to 11 U.S.C. § 707(b) on October 17, 2017 (Third Case D.E. 18). However, prior to consideration of Ocwen's motion or the issue of abuse on October 23, 2017, the Third Case was automatically dismissed by operation of 11 U.S.C. § 521(i) due to the failure of Mr. Stockwell to file required documents in the case within forty-five days of the petition date (Third Case D.E. 21).[1] The BA quickly filed a Motion for Reconsideration of Order Dismissing Case (Third Case D.E. 23) seeking to set aside the Third Case dismissal so that the court could address the presumption of abuse and dismissal with prejudice based on Mr. Stockwell's successive filings and routine failure to prosecute his cases in at least the most basic manner. The dismissal was set aside by order dated October 27, 2017 (Third Case D.E. 26), and the Motion was filed in the Third Case shortly thereafter (Third Case D.E. 28).

Meanwhile, and notwithstanding that the Third Case remained open by virtue of the order setting aside the dismissal, Mr. Stockwell filed yet another case (the Fourth Case) under chapter 7 of the Bankruptcy Code on November 28, 2017. Again, Mr. Stockwell listed no creditors other than Ocwen in his petition (Fourth Case D.E. 1 at 9–10). Like the three prior cases, Mr. Stockwell neglected to file schedules, statements and certificates required for a bankruptcy case to proceed, including a certificate of credit counseling. The Show Cause Order instructing Mr. Stockwell to appear with respect to his failure to pay the filing fee required by 28 U.S.C. § 1930[2] and to file a certificate of credit counseling was entered on November 29, 2017 (Fourth Case D.E. 12). The BA filed the Motion in the Fourth Case on December 14, 2017 (Fourth Case D.E. 20).

---

[1] Mr. Stockwell also had not filed the schedules, statements and forms required by § 521 in his first two cases, nor did he in the Fourth Case either.

[2] Mr. Stockwell paid the required filing fee of $335.00 to the clerk on December 4, 2017, but still has not filed a certificate of credit counseling in any of his four filed cases.

None of the four cases filed by Mr. Stockwell have been filed with the assistance of counsel, and none of the cases contain even the faintest resemblance of a full petition and schedules. The BA seeks to dismiss both the Third and Fourth Cases with prejudice and to bar Mr. Stockwell from seeking relief under the Bankruptcy Code for a period of twelve months pursuant to 11 U.S.C. §§ 105(a), 707(a), and 707(b)(3).

## DISCUSSION

As further discussed below, the court finds that both the Third and Fourth Cases were filed in bad faith, subjecting them to dismissal under § 707(a). Further, based on Mr. Stockwell's conduct in filing these four cases, a one-year bar to refiling is reasonable and warranted under these circumstances.

### I. BOTH CASES ARE SUBJECT TO DISMISSAL UNDER § 707(a) FOR BAD FAITH

After notice and a hearing, the court may dismiss a case under chapter 7 for "cause." 11 U.S.C. § 707(a). While the statute provides a non-exclusive list of factors that constitute "cause" for dismissal of a case under chapter 7, courts have consistently held that bad faith filing of a petition constitutes "cause" justifying dismissal under § 707(a). *See, e.g.*, *Krueger v. Torres (In re Kreuger)*, 812 F.3d 365, 370 (5th Cir. 2016) ("This circuit joins those courts that have held a debtor's bad faith in the bankruptcy process can serve as the basis of a dismissal 'for cause,' even if the bad faith conduct is arguably encompassed by other provisions of the Code."); *Perlin v. Hitachi Capital Am. Corp. (In re Perlin)*, 497 F.3d 364, 372–75 (3d Cir. 2007); *Indus. Ins. Servs., Inc. v. Zick, (In re Zick)*, 931 F.2d 1124, 1126–27 (6th Cir. 1991); *McDow v. Smith*, 295 B.R. 69, 76 (E.D. Va. 2003) ("'[C]ause' in § 707(a) includes bad faith as a basis for discretionary dismissal."). *But see Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1193 (9th Cir. 2000) ("[B]ad

5

faith per se can properly constitute 'cause' for dismissal of a Chapter 11 or Chapter 13 petition but not of a Chapter 7 petition under § 707(a).").

A finding of bad faith on the part of a debtor is based upon the "totality of the circumstances," *McDow v. Smith*, 295 B.R. at 79, and courts have promulgated "a number of factors to consider in determining whether bad faith exists." *In re Romero*, 557 B.R. 875, 881 (Bankr. D. Md. 2016). This court has previously relied upon fourteen categories of relevant factors in considering whether a bankruptcy case lacks good faith, as follows:

1. The debtor reduces creditors to a single creditor in the months prior to the filing of the petition;
2. The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle;
3. Debtor filed the case in response to a Judgment pending litigation . . . ;
4. The debtor made no efforts to repay his debts;
5. The unfairness of the use of Chapter 7;
6. The debtor has sufficient resources to pay his debts;
7. The debtor is paying debts to insiders;
8. The schedules inflate expenses to disguise financial well-being;
9. The debtor transferred assets;
10. The debtor's overly utilizing the protections of the Code to the unconscionable detriment of creditors;
11. The debtor employed a deliberate and persistent plan of evading a single major creditor;
12. The debtor failed to make candid and full disclosure;
13. The debts are modest in relation to assets and income; and
14. There are multiple bankruptcies or other procedural "gymnastics."

*In re Marino*, 388 B.R. 679, 682 (Bankr. E.D.N.C. 2008) (citing *In re O'Brien,* 328. B.R. 669, 675 (Bankr. W.D.N.Y. 2005)).[3] Longstanding case law supports consideration of these factors in determining whether a case was filed in bad faith and should be dismissed for cause under § 707(a), factors that have been continuously applied in this Circuit since the passage of BAPCPA in 2005.

---

[3] *See also Romero*, 557 B.R. at 881 (citing *McDow v. Smith*, 295 B.R. at 79 n.22), listing eleven relevant factors. However, the fourteen *Marino* factors and eleven *Romero* factors are essentially the same as *Romero* simply combines some of the *Marino* factors into one enumerated factor in three instances.

*See, e.g. In re Gilman*, No. 11-06036-8-SWH, 2012 WL 1230276, at *2-3 (Bankr. E.D.N.C. Apr. 12, 2012) and cases cited therein. No single factor is determinative, and the "facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases." *Romero*, 557 B.R. at 881 (quoting *Zick*, 931 F.2d at 1127).

Here, several of the *Marino* factors justify a finding of bad faith in both the Third and Fourth Cases. The first and eleventh factors are met coming out of the gate, as in all four cases Mr. Stockwell lists only Ocwen, the mortgagee of the Residence, as a creditor. The third factor is also readily met as Ocwen's lift stay motions show that Mr. Stockwell filed the bankruptcy cases to halt foreclosure proceedings against the Residence while making zero payments toward that secured indebtedness for at least the past two years.

The filing of the Fourth Case so close on the heels of the initial dismissal of the Third Case (although later revoked) speaks to the fourth (no effort to pay debts) and fifth (unfair use of bankruptcy process) factors. It is logical to conclude that Mr. Stockwell's primary motivation in filing four successive "bare bones" petitions within seven months is an attempt in each instance to invoke and re-invoke the automatic stay of § 362, and that he did so without any reasonable hope of likelihood of success in ultimately retaining the Residence. His conduct in the successive case filings show a "deliberate and persistent" pattern of evading his single listed creditor (Ocwen) for the primary purpose of invoking unwarranted and vexatious delay. Furthermore, the lack of information in all four bankruptcy case filings and the utter failure of Mr. Stockwell to disclose his financial situation in any of the four cases makes it impossible to determine the full extent and nature of his assets and liabilities. When coupled with the attendant delay inherent in every bankruptcy filing, Ocwen suffers an "unconscionable detriment" as the sole listed creditor, a clear

violation of the ninth factor. Furthermore, the pattern and timing of the four cases, delay, and lack of disclosure constitute "procedural gymnastics" as contemplated in the fourteenth factor.

Finally, as noted several times above, Mr. Stockwell never filed the required documentation in the four cases, and therefore he never listed assets outside of the Residence or debts other than the money owed to Ocwen. He also has not provided a statement of financial affairs nor schedules of income and labilities. The lack of filings exhibits a lack of candor by Mr. Stockwell and brings his honesty into question, thereby support a bad faith finding under several of the factors listed above, particularly factors ten and eleven.

Thus, the first, third, fourth, fifth, tenth, eleventh, twelfth, and fourteenth factors all weigh heavily in favor of finding that Mr. Stockwell filed the Third and Fourth Cases in bad faith. The second, sixth, seventh, eighth, ninth and thirteenth factors might support this conclusion as well had Mr. Stockwell provided the required financial information.  Based on his lack of candor, the court will not presume that any consideration of these remaining factors might ultimately favor Mr. Stockwell.  He may not take advantage of a failure to act as required by law.

Accordingly, the court finds that the Third and Fourth Cases were filed by Mr. Stockwell in bad faith and are subject to dismissal under § 707(a). Because the court finds that dismissal of both cases is warranted under § 707(a), it need not examine whether independent grounds for dismissal exist under § 707(b)(3).

## II.  THE DEBTOR'S CONDUCT JUSTIFIES DISMISSAL UNDER § 109(g)

The dismissal of a bankruptcy case is ordinarily made without prejudice, "unless the court, for cause, orders otherwise . . . ." 11 U.S.C. § 349(a). Dismissal of a bankruptcy case with prejudice "bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues." *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223–24 (9th Cir. 1999) (citing

*Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 936–37 (4th Cir. 1997)). Because, nothing else showing, dismissal under § 349(a) with a finding of prejudice effectively denies the debtor the opportunity of ever obtaining a discharge of existing debts, such a result is a "severe sanction warranted only be egregious misconduct," *Tomlin*, 105 F.3d at 937 (citing *Durham v. Florida E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)), that has been characterized as the "capital punishment of bankruptcy." *Tomlin*, 105 F.3d at 937 (quoting *In re Merrill*, 192 B.R. 245, 253 (Bankr. D. Colo. 1995)).

A sanction that is "less drastic" and employed "[f]ar more frequently" is a dismissal under 11 U.S.C. § 109(g). *Tomlin*, 105 F.3d at 937. This subsection was added to the Bankruptcy Code as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 "to address the precise abuse of the bankruptcy system at issue here -- the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of avoiding foreclosure under a mortgage or other security interest." *Tomlin*, 105 F.3d at 937. It provides in relevant part that:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C. § 109(g)(1).

However, while the application of § 109(g) only bars the debtor from refiling for 180 days, "[t]he bankruptcy court's discretion under § 349(a) to bar a debtor's bankruptcy filing within a set time is not limited to the 180 day period of Code § 109(g)." *In re Weaver*, 222 B.R. 521, 523 n.1 (Bankr. E.D. Va. 1998) (citing *In re Robertson*, 206 B.R. 826, 830–31 (Bankr. E.D. Va. 1996)).

9

*See also Lerch v. Fed. Land Bank of St. Louis*, 94 B.R. 998, 1001 (N.D. Ill. 1989) ("When the court has found cause for a dismissal with prejudice, the mandate of Section 109(g) is not applicable—at least to the extent that it merely provides a *minimum* amount of time before a case may be refiled, not a maximum period of time for which the bankruptcy court may dismiss a case with prejudice when there is a dismissal for cause.").

Here, the court is firmly convinced that Mr. Stockwell filed the Third and Fourth Cases in bad faith, and that Mr. Stockwell's abusive practices evidenced in the totality of the circumstances analysis above merits sanctions. However, the court declines to find that this conduct rises to level of "egregious misconduct" that would warrant the denial of a discharge of debts in future cases. Accordingly, the court declines to invoke § 349(a) to bar discharge of Mr. Stockwell's existing debts forever.

This is not to say, however, that Mr. Stockwell's conduct was not improper. On the contrary, such serial filings aimed at only one creditor place an unfair burden on the court and that creditor by impeding the orderly and timely adjudication of bankruptcy cases and thwarting the rights of a legitimate creditor. Dockets are clogged by such frivolous cases, and the resultant distraction of judicial resources from meritorious cases prosecuted by honest debtors earnestly seeking relief under the Bankruptcy Code and consideration of proper issues raised by good faith debtors is detrimental to the functioning of the entire bankruptcy system. In short, serial filings, particularly over such short temporal periods, pervert the proper operation of the bankruptcy process and unfairly benefit unscrupulous debtors with the protections of the automatic stay[4] while creating externalities that are borne solely by their creditors and the judicial system.

---

[4] The protections of the automatic stay of § 362(a) are not automatically availing to a debtor in serial cases pursuant to 11 U.S.C. § 362(c)(3) and (4), but as this case demonstrates, that does not necessarily relieve the burden on the court and the parties.

Consequently, the Third and Fourth Cases are subject to dismissal under § 109(g)(1) for failure to abide by orders of the court or to appear before the court in proper prosecution of these cases. Without more, this would prevent Mr. Stockwell from refiling for 180 days. However, in light of Mr. Stockwell's continuous bad faith conduct, spanning four cases over nearly one year, a lengthier injunction is justified. The court finds that the BA's request of a twelve (12) month bar to refiling is a reasonable and appropriate sanction in light of Mr. Stockwell's conduct, and is in line with sanctions imposed by other courts for similar debtor misconduct. *See, e.g.*, *In re Carter*, 570 B.R. 500, 521 (Bankr. M.D.N.C. 2017) (dismissal with prejudice with one-year bar to re-filing); *In re Davis*, 352 B.R. 758, 765 (Bankr. D.S.C. 2006) (same).

## CONCLUSION

For the foregoing reasons, the Motions are **ALLOWED**. The Third Case (17-04342-5-JNC) and the Fourth Case (17-05760-5-JNC) are both hereby **DISMISSED** pursuant to § 707 of the Bankruptcy Code, and § 109(g)(1) of the Bankruptcy Code applies. Further, and pursuant to 11 U.S.C. § 349(a), the Debtor, Mr. Brian Lee Stockwell, is enjoined from filing a voluntary petition for relief under any chapter of the Bankruptcy Code, in any district within the United States or its territories, for a period of not less than twelve (12) months from the date of the entry of this Order. The § 349(a) one-year bar to refiling shall run concurrently with the § 109(g)(1) limitation on refiling.[5]

**END OF DOCUMENT**

---

[5] Because the Motions are allowed in both cases, the court need not reach the Show Cause Order issue.